IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EDYTHE PHILLIPS,

      Plaintiff,                      10cv0002
                                                **ELECTRONICALLY FILED**

     v.

OMNICARE PHARMACY,

      Defendant.

**MEMORANDUM OPINION
RE: DEFENDANT'S MOTION FOR PARTIAL MOTION TO DISMISS (DOC. NO. 11)**

**I. INTRODUCTION**

This is an employment discrimination case. Before this Court is Defendant's Partial Motion to Dismiss (Doc. No. 11) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Plaintiff has failed to raise the claim of a hostile work environment in the EEOC charge and as such has failed to exhaust her required administrative remedies. For the following reasons, Defendant's Partial Motion to Dismiss will be **GRANTED.**

**II. LEGAL STANDARD**

In light of the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S.544 (2007), a complaint may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)(quoting *Twombly*, 550 U.S. at 570). While *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), allowed dismissal of a claim only if "no set of facts" could support it, under *Twombly,* and most recently, *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 2009 WL 1361536 (May 18, 2009), a claim for relief under Rule 12(b)(6) now "requires more

than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *Iqbal*, 129 S.Ct. at 1950.

In *Iqbal*, the Supreme Court held that a claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendants are liable for the misconduct alleged. *Marangos v. Swett*, 2009 WL 1803264, *2 (3d Cir. 2009), citing *Iqbal*, 129 S.Ct. 1937, 2009 WL 1361536, *12. The plausibility standard in *Iqbal* "asks for more than a sheer possibility that a defendant has acted unlawfully." *Swett*, quoting *Iqbal*. While well-pleaded factual content is accepted as true for purposes of whether the complaint states a plausible claim for relief, legal conclusions couched as factual allegations or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to an assumption of truth. *Swett*, quoting *Iqbal*, at *13. "Where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Iqbal*, quoting Fed. R. Civ. P. 8(a)(2).

In considering a Rule 12(b)(6) motion, a court accepts all of the plaintiff's allegations as true and construes all inferences in the light most favorable to the non-moving party. *Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008)(citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)). However, a court will not accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.,* 311 F.3d 198, 215 (3d Cir. 2002); *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 n. 8 (3d Cir. 1997). A court is not required to consider legal conclusions; rather, it should determine whether the plaintiff should be permitted to offer evidence in support of the allegations. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000). The

failure-to-state-a-claim standard of Rule 12(b)(6) seeks to promote judicial economy by eliminating unwarranted discovery and fact-finding. *United States ex. rel. Repko v. Guthrie Clinic, P.C.*, 557 F.Supp.2d 522, 525 (M.D. Pa. 2008). Therefore, a plaintiff must put forth sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. *See Wilkerson v. New Media Tech. Charter Sch.,* Inc., 522 F.3d 315 (3d Cir. 2008) (citing *Phillips*, 515 F.3d at 224). Generally, this does not impose a heightened burden on the claimant above that already required by Rule 8, but instead calls for fair notice of the factual basis of a claim while "rais[ing] a reasonable expectation that discovery will reveal evidence of the necessary element." *Weaver v. UPMC*, Civil Action No. 08-411, 2008 U.S. Dist. LEXIS 57988, at * 7 (W.D. Pa. July 30, 2008)(citing *Phillips*, 515 F.3d at 234; and *Twombly*, 550 U.S.. at 555).

### III. Plaintiff Has Failed to Exhaust Her Administrative Remedies

The recent opinion in *Barzanty v. Verizon Pa, Inc*., 2010 WL 178251 (3d Cir. 2010) illustrates the issue of failure to exhaust administrative remedies in a near-identical factual setting and will be recounted as follows:

> A plaintiff bringing an employment discrimination claim under Title VII must comply with the procedural requirements set forth in 42 U.S.C. § 2000e-5.  Before filing a lawsuit, a plaintiff must exhaust her administrative remedies by filing a timely discrimination charge with the EEOC.  The EEOC will then investigate the charge, and the plaintiff must wait until the EEOC issues a right-to-sue letter before she can initiate a private action.  The ensuing suit is limited to claims that are within the scope of the initial administrative charge.  "The purpose of requiring exhaustion is to afford the EEOC the opportunity to settle disputes through conference, conciliation, and persuasion, avoiding unnecessary action in court."
> After a charge is filed, "the scope of a resulting private civil action in the district court is 'defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination....' " Although this standard does not necessarily preclude a plaintiff from asserting a claim for the mere failure

3

> to check a box on an EEOC Charge Form, it does prevent a plaintiff from "greatly expanding an investigation simply by alleging new and different facts when she is contacted by the Commission following her charge." Because the EEOC is required to serve notice on the employer against whom the charges are made, this standard also allows an employer to be put on notice of the claims likely to be filed against it.

*Barzanty* at *2.

As in *Barzanty*, Plaintiff has failed to raise the issue of a hostile work environment in her EEOC charge. Specifically, only charges of race-related discrimination and retaliation were addressed. (Doc. No. 12-1 at 2). A close nexus must exist between the facts supporting the claim in the complaint and the allegations in the EEOC charge. *Nerosa v. Storecast Merchandising Corporation*, No. 02-440, 2002 WL 1998181, at *3 (E.D. Pa. 2002). Even the most liberal reading of Plaintiff's EEOC charge would not have given Defendant notice of a claim of hostile work environment as there was no mention of harassment or being subject to verbal abuse.

Plaintiff's allegations of racial discrimination and retaliation are not enough to place Defendant on notice of a hostile work environment claim. In opposition to Defendant's Motion, Plaintiff claims that she included the terms "harassment" and "verbal abuse" in the EEOC complaint. (Doc. No. 24). However, these terms were never included in the EEOC charge (see doc. no. 12-1) and therefore were not properly brought as an administrative remedy. 42 U.S.C. § 2000e-5. Because this allegation was not properly brought before the EEOC in her original EEOC charge, the Plaintiff has failed to exhaust her administrative remedies as to this allegation and as such any claim for hostile work environment will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Partial Motion to Dismiss, (Doc. No. 11), pursuant to Federal Rule of Civil Procedure 12(b)(6) will be **GRANTED.**[1]

An appropriate order follows.

          s/ Arthur J. Schwab
          Arthur J. Schwab
          United States District Judge

cc:     All Registered ECF Counsel and Parties

Edythe Phillips
1600 Roberta Drive
Apt. 6109
Marietta, GA 30008
412-223-8888
PRO SE

---

[1] Plaintiff's claims for wrongful termination on the basis of race and retaliation still remain.